UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JESSE CARR, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-1938-WBV-DMD** |
| **LOUISIANA-I GAMING, ET AL.** | **SECTION D (3)** |

### ORDER AND REASONS

Before the Court is a Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure, filed by defendants, Daniel Kennedy and Jeannine Richert.[1] On or about March 13, 2022, Jesse Carr, Sr. filed a Petition For Damages against Louisiana-I Gaming, a Louisiana Partnership in Commendam, Dan Kennedy, Jeanine Richert, and XYZ Insurance Company, seeking damages for injuries he claims to have sustained as a result of a slip and fall that occurred on or about March 13, 2021 at the Boomtown Casino located in Jefferson Parish, Louisiana.[2] Plaintiff alleges that "All defendants" were responsible for "all of the obligations and responsibilities as an owner and/or possessor" of the immovable property where Boomtown Casino is located under Louisiana law, and that "All defendants were also responsible for all aspects of the operations and maintenance of the Boomtown Casino . . . ."[3]

---

[1] R. Doc. 8.
[2] R. Doc. 1-2.
[3] *Id.* at ¶ 6.

In the instant Motion, Kennedy and Richert assert that they are entitled to summary judgment as a matter of law because the case is governed by Louisiana's Merchant Liability Statute, La. R.S. 9:2800.6, and liability cannot be imputed to them as Boomtown Casino employees.[4] Kennedy and Richert claim that Boomtown Casino is operated solely and exclusively by defendant, Louisiana-I, A Louisiana Partnership in Commendam, and that they are merely employees of Boomtown Casino.[5] Kennedy and Richert further assert that they do not have any ownership or lessee interest in the real property where Boomtown Casino is located, nor are they individually responsible for the operations or maintenance of the casino.[6] Kennedy and Richert likewise assert that they do not have any control over the placement of gaming devices on the gaming floor, and that a marine architect and the Louisiana State Police regulate the positioning of gaming devices on the gaming floor.[7] Additionally, both defendants contend that they were not made aware of any defect on the gaming floor and, even if they were aware of any such defect, it is still the merchant, not its employees, who are liable for any defect. Richert further asserts that she was not even on premises on the day of the alleged slip and fall. As such, Kennedy and Richert maintain that Plaintiff cannot establish a claim against them and that they were named as defendants in this matter to avoid the Court's jurisdiction.[8]

Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed eight days prior to the noticed submission date. The

---

[4] R. Doc. 8-7 at pp. 5-9.
[5] R. Doc. 8 at ¶¶ 7-9 (*citing* R. Docs. 8-3, 8-4, & 8-5).
[6] R. Doc. 8 at ¶ 10 (*citing* R. Doc. 8-3).
[7] R. Doc. 8 at ¶¶ 11, 13, & 16 (*citing* R. Docs. 8-4, 8-5 & 8-6).
[8] R. Doc. 8 at ¶ 17; R. Doc. 8-7 at p. 9.

instant Motion had a submission date of October 25, 2022.[9]  As of the date of this Order, no memorandum in opposition has been submitted.[10]

Accordingly, because the Motion for Summary Judgment is unopposed, and further, it appearing to the Court that the Motion has merit for the reasons set forth in the Motion,[11] **IT IS HEREBY ORDERED** that the Motion for Summary Judgment Pursuant to Rule 56 of the Federal Rules of Civil Procedure (R. Doc. 8) is **GRANTED,** and Plaintiff's claims against defendants, Daniel Kennedy and Jeannine Richert, are hereby **DISMISSED with prejudice** at Plaintiff's cost.

New Orleans, Louisiana, October 28, 2022.

*[signature]*
**WENDY B. VITTER**
**United States District Judge**

---

[9] R. Doc. 11.

[10] The Court notes that it held a telephone status conference with the parties to discuss the case on August 29, 2022. At that time, the Court discussed the pending Motion for Summary Judgment which had been filed by the defendants.

[11] R. Doc. 8-7.  To prevail against a merchant in a slip and fall negligence action like this one, Plaintiff bears the burden of proving that the merchant is negligent under the Louisiana Merchant Liability statute. La. R.S. 9:2800.6.  *Betemps v. Dolgencorp, LLC*, Civ. A. No. 17-7880, 2018 WL 4104216, at *3 (E.D. La. Aug. 29, 2018) (citing authority).  Under La. R.S. 9:2800.6, a plaintiff bringing a negligence claim against a *merchant* for injuries resulting from a fall allegedly caused by conditions existing on a *merchant's* premises must show that: (1) the condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable; (2) the merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence; and (3) the merchant failed to exercise reasonable care.  La. R.S. 9:2800.6(B).  There is no evidence before the Court that Kennedy or Richert are merchants.  Instead, the uncontroverted evidence before the Court shows that Louisiana-I Gaming, a Louisiana Partnership in Commendam is responsible for the entire maintenance, upkeep, and operations of Boomtown Casino (R. Doc. 8-3 at ¶¶ 10-11 & 14), that Kennedy and Richert have no involvement in the placing of gaming devices on the gaming floor at Boomtown Casino (R. Doc. 8-4 at ¶ 2; R. Doc. 8-5 at ¶ 2; R. Doc. 8-6 at ¶¶ 9 & 10), and that Boomtown Casino must get approval from a marine architect and the LA State Police before making any changes to the number and location of gaming devices on the gaming floor (R. Doc. 8-6 at ¶¶ 5-8).  Accordingly, the Court finds that Kennedy and Richert are entitled to judgment as a matter of law.